UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTHER P.,

                              Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

Case No. 23-cv-10517

Magistrate Judge Elizabeth A. Stafford

---

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY
JUDGMENT (ECF NOS. 10, 12)**

---

### I.    Introduction

Plaintiff Esther P. appeals the final decision of defendant
Commissioner of Social Security (Commissioner), which denied her
application for disability insurance benefits (DIB) under the Social Security
Act.  Both parties have filed summary judgment motions and consented to
the undersigned conducting all proceedings under 28 U.S.C. § 636(c).
ECF No. 8; ECF No. 10; ECF No. 12.  After review of the record, the Court
**ORDERS** that:

- Plaintiff's motion (ECF No. 10) is **DENIED**;

- the Commissioner's motion (ECF No. 12) is **GRANTED**; and

- the ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C.

  § 405(g).

## II.  Background

### A.  Plaintiff's Background and Disability Application

Born in November 1968, plaintiff was 51 years old when she applied

for DIB in July 2020, with an alleged disability onset date of March 10,

2020.  ECF No. 3-1, PageID.26, 39.  She had past relevant work as a stock

clerk, salesclerk, and cashier.  *Id.*, PageID.39.  Plaintiff claimed disability

from bipolar disorder, depression, attention-deficit hyperactivity disorder,

anxiety, panic attacks, "meltdowns," memory issues, swelling in her feet,

and chronic obstructive pulmonary disease (COPD).  *Id.*, PageID.73.

After a hearing, during which plaintiff and a vocational expert (VE)

testified, the ALJ found plaintiff not disabled.  *Id.*, PageID.26, 40.  The

Appeals Council denied review, making the ALJ's decision the final

decision of the Commissioner.  *Id.*, PageID.12.  Plaintiff timely filed for

judicial review.  ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months."
42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by
analyzing five sequential steps.  First, if the applicant is "doing substantial
gainful activity," he or she will be found not disabled.  20 C.F.R.
§ 404.1520(a)(4).  Second, if the claimant has not had a severe impairment
or a combination of such impairments[1] for a continuous period of at least
12 months, no disability will be found.  *Id.*  Third, if the claimant's severe
impairments meet or equal the criteria of an impairment set forth in the
Commissioner's Listing of Impairments, the claimant will be found disabled.
*Id.*  If the fourth step is reached, the Commissioner considers its
assessment of the claimant's residual functional capacity (RFC), and will
find the claimant not disabled if he or she can still do past relevant work.
*Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,
education, and work experiences, and determines whether the claimant
could adjust to other work.  *Id.*  The claimant bears the burden of proof
throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  20 C.F.R.
§ 404.1520(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, he found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 10, 2020. ECF No. 3-1, PageID.28. At the second step, he found that plaintiff had the severe impairments of COPD, obesity, bipolar disorder, and depression. *Id.*, PageID.28-30. Next, the ALJ concluded that none of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.30-32.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform a reduced range of light work,[2] except that she:

> can frequently crouch, crawl, kneel, and stoop and occasionally climb. She can have occasional exposure to extremes of heat. The claimant is able to understand, remember, and carry out simple instructions and tasks. She can have occasional interaction with coworkers and supervisors but none with the public. The claimant can have no fast-paced or production rate work. She can have occasional changes in the workplace setting.

---

[2] Light work involves occasionally lifting or carrying 20 pounds at a time, frequently lifting or carrying ten pounds at a time, and standing or walking for six hours out of an eight-hour workday. 20 C.F.R. § 404.1567(b); Social Security Regulation (SSR) 83-10.

*Id.*, PageID.32-39. At step four, the ALJ found that plaintiff cannot perform past relevant work. *Id.* at PageID.39. After considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined at the final step that there were jobs in significant numbers that plaintiff could perform, including positions as a mail sorter, garment sorter, and office helper. *Id.* at PageID.40.

## III.    Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[3] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[3] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up).  The

substantial-evidence standard does not permit the Court to independently

weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d

917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and

substitute its own judgment for that of the Commissioner merely because

substantial evidence exists in the record to support a different conclusion.");

*see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir.

1994) ("If the Secretary's decision is supported by substantial evidence, it

must be affirmed even if the reviewing court would decide the matter

differently, and even if substantial evidence also supports the opposite

conclusion.").

Plaintiff argues that the ALJ erred because (1) he failed to provide a

"logical bridge" between the medical evidence and the "paragraph B"

criteria and mental RFC determinations; (2) the RFC ignored the impact her

limitations in concentration, persistence, and pace would have on her ability

to remain on task; and (3) the RFC included a vague limitation of no "fast-

paced or production rate work."  ECF No. 10, PageID.683-689.  The Court

disagrees and affirms the ALJ's decision.

6

**B.**

Plaintiff first contends that the ALJ failed to provide a logical bridge between the medical evidence and either the paragraph B criteria or the mental RFC.  *Id.*, PageID.683-686.

An ALJ's decision must "provide an accurate and logical bridge between the evidence and the result."  *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017) (cleaned up).  That is, the "ALJ must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning," and permit meaningful review.  *Cortes v. Comm'r of Soc. Sec.*, No. 18-13347, 2020 WL 2812761, at *10 (E.D. Mich. May 29, 2020) (cleaned up).  The ALJ satisfied those standards by offering a logical rationale supporting his paragraph B criteria and RFC determinations.

The ALJ determined that plaintiff had moderate limitations in the four paragraph B criteria for Listing 12.04: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  ECF No. 3-1, PageID.31.  He then accurately summarized plaintiff's subjective symptoms, including her trouble with memory, concentration, following instructions, completing tasks, and coping with stress or changes in routine;

7

anxiety; and crying spells.  *Id.*  The ALJ contrasted[4] those allegations with plaintiff's reported daily activities, which included caring for her pets; tending to her personal care with reminders; making simple meals with some help from her husband; doing laundry; washing dishes; dusting; driving a car; grocery shopping once a week for two hours; handling her finances; and socializing in person or on the phone once a week.  *Id.* (citing ECF No. 3-1, PageID.260-263).

The ALJ also found that plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record."  *Id.*, PageID.33.[5]  Noting that there were "significant inconsistencies in the record as a whole," the ALJ detailed the conflicting treatment records.  *Id.*, PageID.33-34.  The ALJ accurately summarized plaintiff's denials of

---

[4] Plaintiff challenges the observation that the ALJ "contrasted" her subjective symptoms with her daily activities.  ECF No. 13, PageID.716. Although the ALJ did not expressly state that there was a disparity, the contrast is implicit from a commonsense reading of the hearing decision.

[5] Although this section of the decision was part of the RFC determination and not the step-three analysis of the paragraph B criteria, the Court must read the hearing decision holistically.  *Davis v. Comm'r of Soc. Sec.*, No. 13-13319, 2015 WL 668035, at *2 (E.D. Mich. Feb. 17, 2015) ("An ALJ's findings from different portions of the traditional five-step evaluative process may be considered in combination as a reviewing court decides whether the ALJ's resolution of the step three inquiry is supported by substantial evidence." (cleaned up)).

8

various symptoms and normal mental status examination findings. *Id.*, PageID.34-35.

For example, plaintiff often denied manic symptoms, auditory or visual hallucinations, paranoid ideation, and medication side effects. *Id.* (citing PageID.403, 412, 430, 439, 448, 456, 467-468, 620). And her providers repeatedly noted that she was cooperative, alert, and oriented; her appearance and personal hygiene were appropriate; she had normal memory, insight, judgment, and cognition; her speech was clear and coherent; and she had no signs of depression, anxiety, or distress. *Id.* (citing PageID.374, 408, 556, 558, 561, 563-564, 567, 633-634, 640, 651). The ALJ also noted that plaintiff had no history of inpatient hospitalizations and reported some symptom improvement. *Id.* (citing PageID.431, 434, 460, 650).

Next, the ALJ considered opinions from state-agency psychologists Joe DeLoach, Ph.D., and Ronald Marshall, Ph.D. *Id.*, PageID.37-38. Dr. DeLoach found that plaintiff had no limitations in understanding, remembering, or applying information and in interacting with others, and that she had moderate limitations in concentration, persistence, and maintaining pace and in adapting or managing herself. *Id.*, PageID.79. Dr. Marshall found that plaintiff had no limitations in understanding,

9

remembering, or applying information or in interacting with others and that she had mild limitations in concentration, persistence, and maintaining pace and in adapting or managing herself.  *Id.*, PageID.98.

The ALJ found these opinions unpersuasive, as they conflicted with the medical evidence.  *Id.*, PageID.37-38.  The ALJ pointed to plaintiff's reported episodes of anger, irritability, depression, anxiety, fluctuations in mood, racing thoughts, distractibility, and occasional hallucinations.  *Id.* (citing PageID.403-404, 409, 460, 620, 622); *see also id.*, PageID.346-347, 419-420, 430, 434.  And plaintiff's providers observed that she had a depressed, anxious affect; was sometimes tearful and hypoactive; and had weak motivation.  *Id.*, PageID.37-38 (citing PageID.408, 460, 624); *see also id.*, PageID.434, 472, 482.  Thus, the ALJ concluded that plaintiff had moderate limitations in all paragraph B criteria.

The ALJ also included greater RFC restrictions than Drs. DeLoach or Marshall.  Dr. DeLoach found that plaintiff could perform simple, repetitive work tasks on a sustained basis.  *Id.*, PageID.86-87.  And while plaintiff would have trouble responding appropriately to changes in the work setting and in functioning independently of support from others, she could do so adequately for the competitive work environment.  *Id.*  Dr. Marshall stated that plaintiff could perform simple tasks on a sustained basis.  *Id.*,

10

PageID.101.  But for the same reasons the ALJ found greater paragraph B criteria limitations, he added more RFC restrictions.  *Id.*, PageID.37-38.  He found that plaintiff could perform simple instructions and tasks and have occasional interactions with coworkers and supervisors but none with the public, no fast-paced or production rate work, and occasional changes in the workplace setting.

Plaintiff faces an uphill battle when, as here, the ALJ found him more restricted than the state agency consultant.  *See McCoy v. Kijakazi*, No. 21-11739, 2023 WL 3407159, at *7 (E.D. Mich. Feb. 27, 2023), *adopted*, 2023 WL 3147899 (E.D. Mich. Apr. 28, 2023) ("An ALJ's more restrictive finding than that of the state agency physician's may lend support for the ALJ's finding." (cleaned up)); *Brooks v. Comm'r of Soc. Sec.*, No. 20-13246, 2022 WL 2163018, at *3 (E.D. Mich. May 23, 2022), *adopted*, 2022 WL 2161485 (E.D. Mich. June 15, 2022) ("Courts in this circuit have routinely found RFC assessments that are more restrictive than the opinion evidence to be supported by substantial evidence.").  And the ALJ need not have based his findings directly on a medical opinion.  *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination

cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

Plaintiff claims that the RFC is not restrictive enough, citing her hearing testimony about her subjective symptoms and medical records documenting her depressed and anxious mood and other symptoms. ECF No. 13, PageID.718-719. The ALJ addressed those records, as discussed above, and plaintiff asks the Court to impermissibly reweigh the evidence. *See Grant v. Comm'r of Soc. Sec.*, No. 22-cv-11211, 2023 WL 2396920, at *5 (E.D. Mich. Feb. 13, 2023), *adopted*, 2023 WL 2393642 (E.D. Mich. Mar. 7, 2023) ("That Grant points to another record supporting his claim that he is markedly limited in his ability to adapt or manage himself is unavailing, as the Court may not reweigh the evidence and substitute its own judgment for that of the ALJ."). Thus, the Court finds no error in the ALJ's analysis of the paragraph B criteria or RFC.

## C.

Plaintiff next argues that the ALJ failed to explain how the RFC accommodates her moderate limitations in concentration, persistence, and maintaining pace. ECF No. 10, PageID.687-688. But the RFC permitting her to carry out simple instructions and tasks with no fast-paced or production rate work is enough to accommodate her moderate limitations.

"Case law in this circuit does not support a rule that an [RFC] providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (cleaned up).[6] Without evidence of other concrete and specific functional limitations, such an RFC adequately addresses moderate limitations in concentration. *Id.* (citing *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014)); *Barajas v. Comm'r of Soc. Sec.*, No. 3:20-cv-11219, 2021 WL 4099250, at *5-6 (E.D. Mich. Aug. 10, 2021), *adopted*, 2021 WL 4078666 (E.D. Mich. Sept. 8, 2021).

Plaintiff insists that she would be off task throughout the workday because of her mental impairments and need to elevate her legs to reduce swelling. ECF No. 10, PageID.688. But plaintiff, who carries the burden, cites no evidence showing that she cannot perform simple, unskilled work or that her impairments would cause her to be off task. Although she again points to the records cited above, the Court may not reweigh the evidence.

---

[6] The Court applies *Kepke* rather than the out-of-circuit authority plaintiff cites in her motion. *See* ECF No. 10, PageID.688.

13

**D**.

Last, plaintiff maintains that the RFC restriction to no "fast-paced or production rate work" is impermissibly vague.  *Id.*, PageID.688-689. Plaintiff emphasizes the VE's testimony that production rate work is not defined in the Dictionary of Occupational Titles but is addressed by the VE's experience.  *Id.* (citing ECF No. 3-1, PageID.67).  Courts in other circuits have held that the phrase does not convey enough information to assess whether substantial evidence supports its inclusion in the RFC. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) ("production rate pace" was vague); *Crocetti v. Comm'r of Soc. Sec.*, No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 at *1-2 (D. Md. June 6, 2018) ("fast paced production" was vague, but "production rate work" was not).

Although plaintiff's attorney had a chance to question the VE during the hearing, he did not ask for clarification of these terms.  ECF No. 3-1, PageID.67-68.  Thus, plaintiff waived any argument stemming from the VE's testimony about fast-paced or production rate work.  *See Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) ("It is axiomatic that a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal." (cleaned up)); *Holton v. Comm'r of Soc. Sec.*, No. 1:16-CV-393, 2017 WL 279737, at *5 (W.D.

14

Mich. Jan. 23, 2017) ("Plaintiff's representative clarified any ambiguity at the hearing by asking the VE for the definition of fast-paced work.  If Plaintiff's representative was not satisfied with [the VE's] answer he could have, but did not, question the VE further." (cleaned up)); *Washington v. Comm'r of Soc. Sec.*, No. 1:14-cv-794, 2015 WL 8481563, at \*9 (S.D. Ohio Dec. 10, 2015) ("[A]ny error that the VE's testimony is not compatible with the mental RFC set forth in the hypothetical is waived in light of Plaintiff's failure to challenge the VE's testimony on that issue at the time of the hearing.").

Nor do all courts agree that "fast-paced" or "production rate" are ambiguous terms.  *See, e.g.*, *Hemmings v. Kijakazi*, No. 8:23-cv-977, 2023 WL 6173448, at \*3-4 (M.D. Fla Sept. 22, 2023); *Antonio W. v. Kijakazi*, No. 20-cv-1920, 2023 WL 3790700, at \*6-7 (D.D.C. June 2, 2023); *Baca v. Berryhill*, No. 16-246, 2017 WL 3267745, at \*4 (D.N.M. July 31, 2017).  The Sixth Circuit has not addressed the issue, and decisions from this district suggest that such RFC limitations are proper.  *See Tess v. Comm'r of Soc. Sec.*, No. 14-CV-14877, 2016 WL 454446, at \*7 (E.D. Mich. Feb. 5, 2016) ("[A] limitation to non-production-rate work is a common and adequate limitation for those persons who suffer from moderate difficulties in concentration, persistence, or pace."); *Prewitt v. Comm'r of Soc. Sec.*, No.

13-cv-12336, 2014 WL 4658688, at *9-10 (E.D. Mich. Aug. 8, 2014),

*adopted*, 2014 WL 4658693 (E.D. Mich. Sept. 17, 2014) (an RFC

precluding "production rate or pace work" adequately addressed the

plaintiff's limitations in pace and speed).  While plaintiff contends that *Tess*

and *Prewitt* predate the conflicting opinions from other circuits, she cites no

authority showing that this district's stance has changed.  *See* ECF No. 13,

PageID.720.

## IV.    Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No.

10), **GRANTS** the Commissioner's motion for summary judgment (ECF No.

12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C.

§ 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 14, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on December 14, 2023.

s/Marlena Williams
MARLENA WILLIAMS

Case Manager